**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 04 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

**NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,**

                      Petitioner,

        - against -

**AMERICAN FLOORING CONCEPTS INC.,**

                     Respondent.

------------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION**
18-CV-2657 (AMD)(RLM)

**ANN M. DONNELLY,** United States District Judge:

On May 4, 2018, the petitioner, New York City District Council of Carpenters, commenced this action against American Flooring Concepts Inc. to confirm an arbitration award. (ECF No. 1.) On September 7, 2018, the Honorable Roanne L. Mann issued a Report and Recommendation ("R&R") in which she recommended that I confirm the arbitration award and grant the requested relief, with one exception: Judge Mann recommended I deny the petitioner's request that it be paid the respondent's half of the arbitrator's fee, because the there was no evidence that the petitioner made payments that required reimbursement. (ECF No. 10 at 8–9.)[1] On September 24, 2018, the petitioner objected to Judge Mann's conclusion about the arbitrator's fee, and to her observation that counsel cited the wrong collective bargaining agreement ("CBA").[2] (ECF No. 12 at 2–3.)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[1] The respondent has never appeared and did not file any objections.

[2] Judge Mann concluded that the CBA required the losing party to pay the arbitrator's fee; Judge Mann believed that the petitioner relied on a "different CBA in another case." (*Id.* at 9, n.9.)

1

U.S.C. § 636(b)(1)(C). When a party submits a timely objection, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). The court reviews for clear error the remaining portions of a report and recommendation to which there are no specific reasoned objections. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have reviewed Judge Mann's thorough and well-reasoned R&R and the record. I adopt her recommendation that I confirm the arbitration award, and to award the petitioner $14,282.22 under the arbitration award, $2,766.25 in attorneys' fees and costs, and pre-judgment interest on $14,282.22 from May 6, 2017, and post-judgment interest on $17,048.47, both to be calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961. (ECF No. 10 at 15.) I also adopt Judge Mann's recommendation that the petitioner cannot recover the respondent's portion of the arbitrator's fee, $1,000.[3] (*Id.* at 8–9, 15.)


**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge


Dated: Brooklyn, New York
October 4, 2018

[3] The petitioner is correct that the shared fees provision is not "from an entirely different CBA in another case," and that the petitioner cited the correct CBA. Nevertheless, the petitioner does not challenge Judge Mann's ultimate recommendation that the petitioner should not recover the respondent's half of the arbitrator's fee. (*See* ECF No. 10 at 8–9, 15.)